## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

NATIONAL GENERAL INSURANCE
ONLINE, INC., a Missouri corporation,

     Plaintiff,

v.                                      Case No:  5:15-cv-111-Oc-30PRL

HERBERT BLACK, et al.,

     Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Herbert Black and Iris Black's (collectively "the Blacks") Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted or, in the alternative, Motion for More Definite Statement (Doc. 53) and Plaintiff National General Insurance Online, Inc.'s ("National General") response in opposition thereto (Doc. 59).  The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that the Blacks' motion to dismiss should be granted without prejudice for National General to file an amended complaint or to refile its action when the claims for which it may be responsible ripen into justiciable controversies.

## BACKGROUND

National General initiated this action on March 5, 2015, seeking declaratory relief pursuant to 28 U.S.C. § 2201 to determine the rights and liabilities of the parties under an

automobile insurance policy issued by National General to the Blacks.  National General issued the policy to Herbert Black with effective dates of February 28, 2013, through February 28, 2014.  On January 23, 2014, National General sent Herbert Black an offer to renew the policy, which, if accepted, would extend coverage from February 28, 2014, to February 28, 2015.

The Blacks reside in Alabama, but typically spend the winter months in Florida. Peggy Black, the Blacks' daughter-in-law, was collecting the Blacks' mail while they were in Florida in early 2014, and she received the offer of renewal before February 28, 2014. Iris Black instructed Peggy Black to pay for the renewal by check.  Either Peggy Black or Iris Black sent a check to National General for the renewal that was dated February 27, 2014, and appears to bear the signature of Iris Black.  However, National General did not receive the check before the policy expired on February 28, 2014.

Because it did not receive the check before February 28, 2014, National General asserts that the policy terminated by its own terms.[1]  On March 3, 2014, National General sent Herbert Black a notice informing him that the policy had lapsed as of February 28, 2014.

On March 15, 2014, Herbert Black was driving his vehicle, previously insured under the policy issued by National General, on State Road 91 in Sumter County, Florida, when

---

[1]Specifically, the policy provides: "If we offer to renew or continue your policy and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer."  (Doc. 1, Ex. A).

he was involved in a five-vehicle accident.[2]  The accident was reported to National General that same day, and National General denied that insurance coverage was in force under the policy on that date.

National General received the check sent by Peggy Black or Iris Black on March 20, 2014, and reinstated the Blacks' policy as of March 20, 2014, with a lapse in coverage from February 28, 2014, until March 20, 2014.  The Blacks have since sought coverage for the March 15, 2014 accident.  And at least some of the other defendants have notified National General of potential claims against the Blacks arising from the accident.  But none of the potential claimants have yet filed a lawsuit against the Blacks.

In an unusual maneuver, despite that no claims have been formally asserted against National General, either through the insurance process or legal proceedings, National General has preemptively filed this action for declaratory relief against the Blacks and all parties involved in the March 15, 2014 accident to determine whether the policy issued to the Blacks provides coverage for the accident.  Namely, it seeks a declaration that there is no coverage under the policy for any first- or third-party losses and it would not be required to indemnify or provide a defense to the Blacks against any potential claims arising from the accident.

The Blacks seek to dismiss National General's complaint under Federal Rule of Civil Procedure 12(b)(6) arguing that National General has not stated a plausible claim for relief.  Namely, the Blacks contend that National General has not established that a case or

---

[2]The remaining defendants were either personally involved in the accident or owned the vehicle involved in the accident.

controversy exists sufficient to support an action for declaratory judgment.  The Court agrees.

## <u>DISCUSSION</u>

Cases arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, present unique jurisdictional questions.  The Declaratory Judgment Act provides, in pertinent part: "In a case of *actual controversy* within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (emphasis added).  "[T]he phrase 'case of actual controversy' . . . refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III [of the Constitution]."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *see also Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) ("Congress limited federal jurisdiction under the Declaratory Judgment Act to actual controversies, in statutory recognition of the fact that federal judicial power under Article III, Section 2 of the United States Constitution extends only to concrete cases or controversies." (internal quotation marks omitted)).  Thus, "[i]n all cases arising under the Declaratory Judgment Act, the threshold question is whether a justiciable controversy exists."  *Atlanta Gas Light Co.*, 68 F.3d at 414 (internal citation omitted).

In determining whether a justiciable controversy exists, a court must consider "'whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  *MedImmune, Inc.*, 549 U.S. at

127 (quoting *Md. Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).  But "[d]eclaratory judgment actions often require courts to face the difficult task of distinguishing between actual controversies and attempts to obtain advisory opinions on the basis of hypothetical controversies."  *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1111 n.12 (10th Cir. 2010) (internal quotation marks omitted).

In the present action, it is difficult, if not impossible, to determine from National General's complaint whether a case or controversy exists as to any of the named defendants.  The Court agrees with National General that a potential claim need not mature to the level of a lawsuit to qualify as a "substantial controversy" of "sufficient immediacy."[3]  Rather in the context of an insurance-coverage dispute, when the facts and circumstances indicate that a claim is *likely* to be brought, the claim has sufficiently ripened to warrant declaratory judgment.  However, National General has not asserted facts in its

---

[3]In *GTE Directories Publishing Corp. v. Trimen America, Inc.*, 67 F.3d 1563, 1569 (11th Cir. 1995), in dicta, the Eleventh Circuit contemplated that in the context of an insurance-coverage dispute, a claim may be sufficiently ripe for declaratory judgment even though no suit had yet been filed.  *See also Progressive Am. Ins. Co. v. Steele*, 15 F. Supp. 3d 1240, 1247 (M.D. Fla. 2014) (finding a justiciable controversy between an insurer, an insured, and an injured party regarding an underlying claim even though no tort action had been filed yet); *Tower Ins. Co. of N.Y. v. Rainbow Granite & Marble, Inc.*, No. 10-60052-CIV, 2010 WL 1740700, at *2 (S.D. Fla. Apr. 29, 2010) (concluding that where a claim was made under the policy, an injury was threatened to the insurer which could be traced to a dispute regarding insurance coverage and therefore a case or controversy existed despite that no action had yet been filed); *Icarom, PLC v. Howard Cnty.*, 904 F. Supp. 454, 458 (D. Md. 1995) (holding that declaratory judgment regarding insurance coverage presented a justiciable controversy even though a lawsuit or entry of judgment had not yet occurred); *State Farm Mut. Auto. Ins. Co. v. Sampson*, 305 F. Supp. 50, 51 (M.D. Fla. 1969) (holding that the lack of a pending claim by injured parties did not preclude declaratory judgment because it was "obvious that suit [was] imminent pending the outcome of th[e] litigation"); *but see Md. Cas. Co. v. Shamblen*, No. 2:13-cv-05395, 2014 WL 1276486, at *6 (S.D. W.V. Mar. 27, 2014) (finding that no case or controversy was presented where no underlying action had been filed and no demand for coverage had been made); *Union Ins. Co. v. Soleil Grp., Inc.*, 465 F. Supp. 2d 567, 573-75 (D. S.C. 2006) (finding no justiciable controversy where no underlying suit had been filed because whether the duty to defend arose depended on the facts alleged in the underlying complaint).

complaint that demonstrate that any of the potential claims against it have matured to the point where the claims are likely to be brought.

National General seeks declaratory judgment as to both potential claims of which it has been put on notice and any future claims that have not yet arisen. As to the potential claims of which National General has been put on notice, the mere existence of known injuries is insufficient to rise to the level of a "substantial controversy" of "immediate sufficiency" to warrant declaratory judgment. National General must also establish a dispute regarding coverage, which would require showing, at the very least, that the claimants with known injuries have sought recompense from the Blacks, and the Blacks have in turn demanded coverage and defense from National General, which National General has denied. *Cf. Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1384 (10th Cir. 2011) (recognizing that for a justiciable controversy to exist there must be an "identifiable specific claim that has arisen above the horizon" and "there must be disagreement about coverage").

Similarly, the unknown, hypothetical injuries are even more nebulous and problematic, and National General essentially seeks an advisory opinion as to these claims. National General has provided no binding or persuasive authority that would suggest that this Court may a render a declaratory judgment as to such speculative claims. Thus, a declaratory judgment as to the unknown, future claims would be premature at this time.

Because it is unclear from the complaint as to which claims have crystalized into actual disputes at this point, National General has failed to meet its burden in establishing that a case or controversy exists. Accordingly, the Blacks' motion to dismiss should be

granted as to all named defendants.[4]   However, since the complaint alleges that at least some of the injuries arising from the accident are known to National General and the Blacks have sought "coverage" under the policy, National General may file an amended complaint seeking declaratory judgment provided it alleges sufficient facts showing that the claims have solidified into actual disputes such that a case or controversy exists.   If National General would prefer to dismiss this action until the all claims ripen into justiciable controversies, National General may seek leave to dismiss the action without prejudice.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.      Defendants Herbert Black and Iris Black's Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted or, in the alternative, Motion for More Definite Statement (Doc. 53) is GRANTED as to all Defendants.

2.      Within fourteen (14) days of the date of this Order, National General may either file an amended complaint or seek leave to dismiss this case without prejudice.   If no action is taken by National General within fourteen (14) days, the case will be dismissed without prejudice without further notice.

---

[4]The Court recognizes that an entry of default has been entered against a number of the defendants and that the present motion was filed only by the Blacks; but if federal jurisdiction appears doubtful, a sua sponte inquiry is required.  *See Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1542 (11th Cir.1993). Thus, because subject matter jurisdiction is found lacking, dismissal as to all defendants is appropriate.

7

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of August, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\OCALA\15-111 Nat'l Gen. Ins. Online, Inc. v. Black.MTD.docx

8