**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

NATIONAL GENERAL INSURANCE
ONLINE, INC., a Missouri corporation,

    Plaintiff,

v.                                             Case No:  5:15-cv-111-Oc-30PRL

HERBERT BLACK, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Herbert and Iris Black's (collectively "the Blacks") Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim upon which Relief can be Granted (Doc. 67) and Plaintiff National General Insurance Online, Inc.'s ("National General") response in opposition thereto (Doc. 77). The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that the Blacks' motion to dismiss should be denied.

### BACKGROUND[1]

National General initiated this action on March 5, 2015, seeking declaratory relief pursuant to 28 U.S.C. § 2201 to determine the rights and liabilities of the parties under an automobile insurance policy issued by National General to the Blacks. National General

---

[1] The following facts are derived from National General's amended complaint and are accepted as true for the purposes of resolving the Blacks' motion to dismiss. (Doc. 66).

issued the policy to Herbert Black with effective dates of February 28, 2013, through February 28, 2014. On January 23, 2014, National General sent Herbert Black an offer to renew the policy, which, if accepted, would extend coverage from February 28, 2014, to February 28, 2015.

The Blacks reside in Alabama, but typically spend the winter months in Florida. Peggy Black, the Blacks' daughter-in-law, was collecting the Blacks' mail in Alabama while they were in Florida in early 2014, and she received the offer of renewal before February 28, 2014. Iris Black instructed Peggy Black to pay for the renewal by check. Either Peggy Black or Iris Black sent a check to National General for the renewal that was dated February 27, 2014, and appears to bear the signature of Iris Black. However, National General did not receive the check before the policy expired on February 28, 2014.

Because it did not receive the check before February 28, 2014, National General asserts that the policy terminated by its own terms.[2] On March 3, 2014, National General sent Herbert Black a notice informing him that the policy had lapsed as of February 28, 2014.

On March 15, 2014, Herbert Black was driving his vehicle, previously insured under the policy issued by National General, on State Road 91 in Sumter County, Florida, when he was involved in a five-vehicle accident.[3] The accident was reported to National General

---

[2] Specifically, the policy provides: "If we offer to renew or continue your policy and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer." (Doc. 1, Ex. A).

[3] The remaining defendants were either personally involved in the accident or owned the vehicle involved in the accident.

that same day, and National General denied that insurance coverage was in force under the policy on that date.

National General received the check sent by Peggy Black or Iris Black on March 20, 2014, and reinstated the Blacks' policy as of March 20, 2014, with a lapse in coverage from February 28, 2014, until March 20, 2014. The Blacks have since sought indemnity coverage for the March 15, 2014 accident. The following parties have also asserted claims against the policy: (1) Steven and Emily Parker have sought compensation under the policy for damages sustained to the contents of a trailer they were towing; (2) Cory Cassidy has notified National General that he intends to seek compensation under the policy for bodily injury and his health insurer has filed a claim of lien against the policy; (3) U-Haul has sought compensation under the policy for damages to the trailer towed by the Parkers; (4) the Blacks have sought compensation under the policy; and (5) State Farm, the insurer for the vehicle owned by the Sullivans, has presented a claim under the policy to recover for damages to the Sullivans' vehicle. None of these potential claimants have yet filed a lawsuit against the Blacks. National General asserts that no coverage exists under the policy with regard to the March 15, 2014 accident and that it therefore owes no duty to defend or indemnify the Blacks for any of the claims presented against the policy.

National General filed this action for declaratory relief against the Blacks and all parties involved in the March 15, 2014 accident to determine whether the policy issued to the Blacks provides coverage for any claims arising from the accident. Namely, it seeks a declaration that there is no coverage under the policy for any first- or third-party losses and

it would not be required to indemnify or provide a defense to the Blacks against any potential claims arising from the accident.

The Blacks seek to dismiss National General's complaint under Federal Rule of Civil Procedure 12(b)(6) arguing that National General has not stated a plausible claim for relief. Namely, the Blacks contend that National General has not established that a case or controversy exists sufficient to support an action for declaratory judgment.

## DISCUSSION

Cases arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, present unique jurisdictional questions. The Declaratory Judgment Act provides, in pertinent part: "In a case of *actual controversy* within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). "[T]he phrase 'case of actual controversy' . . . refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III [of the Constitution]." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *see also Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) ("Congress limited federal jurisdiction under the Declaratory Judgment Act to actual controversies, in statutory recognition of the fact that federal judicial power under Article III, Section 2 of the United States Constitution extends only to concrete cases or controversies." (internal quotation marks omitted)). Thus, "[i]n all cases arising under the Declaratory Judgment Act, the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co.*, 68 F.3d at 414 (internal citation omitted).

In determining whether a justiciable controversy exists, a court must consider "'whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc.*, 549 U.S. at 127 (quoting *Md. Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). But "[d]eclaratory judgment actions often require courts to face the difficult task of distinguishing between actual controversies and attempts to obtain advisory opinions on the basis of hypothetical controversies." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1111 n.12 (10th Cir. 2010) (internal quotation marks omitted).

The Blacks assert that National General has failed to establish the existence of a justiciable controversy. (Doc. 67). However, unlike the original complaint, the amended complaint sufficiently establishes the existence of concrete claims presented against the policy, including the Blacks' own claims. A potential claim need not mature to the level of a lawsuit to qualify as a "substantial controversy" of "sufficient immediacy."[4] Rather

---

[4]In *GTE Directories Publishing Corp. v. Trimen America, Inc.*, 67 F.3d 1563, 1569 (11th Cir. 1995), in dicta, the Eleventh Circuit contemplated that in the context of an insurance-coverage dispute, a claim may be sufficiently ripe for declaratory judgment even though no suit had yet been filed. *See also Progressive Am. Ins. Co. v. Steele*, 15 F. Supp. 3d 1240, 1247 (M.D. Fla. 2014) (finding a justiciable controversy between an insurer, an insured, and an injured party regarding an underlying claim even though no tort action had been filed yet); *Tower Ins. Co. of N.Y. v. Rainbow Granite & Marble, Inc.*, No. 10-60052-CIV, 2010 WL 1740700, at *2 (S.D. Fla. Apr. 29, 2010) (concluding that where a claim was made under the policy, an injury was threatened to the insurer which could be traced to a dispute regarding insurance coverage and therefore a case or controversy existed despite that no action had yet been filed); *Icarom, PLC v. Howard Cnty.*, 904 F. Supp. 454, 458 (D. Md. 1995) (holding that declaratory judgment regarding insurance coverage presented a justiciable controversy even though a lawsuit or entry of judgment had not yet occurred); *State Farm Mut. Auto. Ins. Co. v. Sampson*, 305 F. Supp. 50, 51 (M.D. Fla. 1969) (holding that the lack of a pending claim by injured parties did not preclude declaratory judgment because it was "obvious that suit [was] imminent pending the outcome of th[e] litigation"); *but see Md. Cas. Co. v.*

in the context of an insurance-coverage dispute, when the facts and circumstances indicate that a claim is *likely* to be brought, the claim has sufficiently ripened to warrant declaratory judgment. *See Houston Specialty Ins. Co. v. Titleworks of Sw. Fla., Inc.*, No. 2:15-cv-219-FtM-29DNF, 2015 WL 5599175, at *3 (M.D. Fla. Sept. 22, 2015) ("In the context of an insurance coverage dispute, a plaintiff-insurer typically demonstrates the existence of a justiciable controversy by alleging that the insured has made a demand for coverage under the insurance policy or that the insured is liable to an injured party. However, the existence of actual liability by the insured is not required, and the mere fact that 'the [insured's] liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action.'" (quoting *GTE Directories Pub. Corp.*, 67 F.3d at 1569 (internal quotation marks omitted)). National General has asserted facts in its amended complaint that demonstrate that the potential claims have matured to the point where the claims are likely to be brought.

Indeed, National General has specifically asserted that several individuals involved in the March 15, 2014 accident, including the Blacks, have asserted claims against the policy and that it denies any coverage under the policy for first- or third-party claims. Drawing all reasonable inferences in favor of National General, National General has established that claimants with known injuries have sought recompense from the Blacks (through their insurance policy) and that National General has denied coverage. *Cf.*

---

*Shamblen*, No. 2:13-cv-05395, 2014 WL 1276486, at *6 (S.D. W.V. Mar. 27, 2014) (finding that no case or controversy was presented where no underlying action had been filed and no demand for coverage had been made); *Union Ins. Co. v. Soleil Grp., Inc.*, 465 F. Supp. 2d 567, 573-75 (D. S.C. 2006) (finding no justiciable controversy where no underlying suit had been filed because whether the duty to defend arose depended on the facts alleged in the underlying complaint).

*Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1384 (10th Cir. 2011) (recognizing that for a justiciable controversy to exist there must be an "identifiable specific claim that has arisen above the horizon" and "there must be disagreement about coverage").

Because National General has established that at least some claims from the March 15, 2014 accident have crystalized into actual disputes, National General has met its burden in establishing that a case or controversy exists. Accordingly, the Blacks' motion to dismiss should be denied.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Herbert and Iris Black's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim upon which Relief can be Granted (Doc. 67) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of December, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record